Titone, J.
(dissenting). I dissent.
Far from being "ambiguous” (see, majority opn, at 526), the statutory directive regarding the order in which the parties’ peremptory challenges must be exercised could not be plainer. After the jury box has been filled, the prospective jurors questioned and the challenges for cause made, CPL 270.15 (2) requires that
"[t]he people must exercise their peremptory challenges first and may not, after the defendant has exercised his peremptory challenges, make such a challenge to any remaining prospective juror who is then in the jury box.”
The natural and most logical reading of this provision is the one that defendants Morris and Alston advance. CPL 270.15 (2) requires that the People must exercise all of their peremptory challenges to the panel "first,” before the defense begins exercising its peremptories. Any doubt as to whether the prosecution must finish exercising its peremptories with respect to the entire box before the defense begins is dispelled by the statute’s clear statement that after the defense peremptories have been made the People "may not” challenge "any remaining prospective juror who is then in the jury box.” (Emphasis supplied.)
*531 The foregoing language makes it impossible to construe the statute, as the majority does, to permit a procedure in which the prosecution and defense alternate their challenges. As the italicized language unambiguously states, once the defense exercises its challenge or challenges, the statute precludes the People from challenging any juror then in the box, not just those jurors in the box whom "both sides have had an opportunity” to challenge (majority opn, at 527).*
The persuasiveness of the majority’s contrary analysis is not enhanced by its reliance on the General Construction Law § 35 principle that "[w]ords in the singular number include the plural, and in the plural number include the singular.” As applied within the context a natural reading of CPL 270.15 (2), General Construction Law § 35 means no more than that the phrase "peremptory challenges” may be read in the singular to account for the possibility that, in any given round, the People and/or the defendant may choose to exercise only one of their peremptories. Manifestly, a canon of construction such as General Construction Law § 35 should not be invoked in such a way as to create an ambiguity in a statute where none would otherwise exist.
Even assuming that under General Construction Law § 35, the phrase "[t]he people must exercise their peremptory challenges first” may be reasonably read to mean that "each of the [prosecution’s] multiple peremptor[ies] * * * must come before each of the [defense’s] challenges” (majority opn, at 526 [emphasis supplied]), that reading would not explain how the alternating method that the majority envisions can be reconciled with the clear statutory directive that the prosecution cannot peremptorily excuse "any juror who is then in the jury box” after the defense has exercised one or more of its peremptories.
Equally unhelpful is the majority’s extended discussion of CPL 270.15 (3), whose meaning and effect are not at issue here. Indeed, it is not surprising that "[defendant Alston’s argument finds no support in the history” of that subdivision (majority opn, at 525), since CPL 270.15 (3) has nothing to do with *532 the order in which peremptories must be exercised and is not in fact the basis for either of these defendants’ appellate claims. Further, the purpose of the 1985 amendment to that subdivision, which the majority cites, was to accelerate the jury selection process through the specific device of "eliminating] the parties’ right to determine whether sworn jurors may be removed from the jury box while the voir dire continues” (Bill Jacket, L 1985, ch 516, Mem in Support by Senator Stafford; see, Mem of J. M. Hannibal, Div of Parole, July 2, 1985; Mem of J. Cohen, Div of Criminal Justice Servs, July 10, 1985; Mem of W. Pelgrin, State Commn of Correction, July 12, 1985; Mem of D. E. Urell, Div for Youth, July 1, 1985). Manifestly, that legislation has no bearing on the issue presented here concerning the order in which peremptories are to be used.
Ironically, the majority’s holding runs counter to the thrust of the legislative history on which it relies. The consistent modern trend has been to streamline the jury selection process to make it less confusing, cumbersome and time-consuming wherever possible (see, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 270.15, at 414 [1993]; Denzer, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 270.15, at 497 [1971]). Toward this end, CPL 270.15 eliminates the former procedure under which prospective jurors were questioned one at a time (see, majority opn, at 529). Instead, CPL 270.15 (1) mandates that in the first round a group of 12 prospective jurors must be placed in the jury box, given an oath and questioned together, either collectively or individually. Thus, as the majority itself acknowledges, subdivision (1) evinces the drafters’ intent to adopt the group or "full box” method as the exclusive procedure for examining prospective jurors " 'with a view toward speeding up the often prolonged, time-consuming task’ ” (majority opn, at 529, quoting Preiser, op. cit.). Although CPL 270.15 (3) gives the court the discretion to unilaterally adjust the size of the group in the box, it does not alter the basic premise implicit in CPL 270.15 (1) that the "full box” method is to be used, at least for purposes of juror examination.
Given their goal of "speeding up” the process and their chosen method of implementing it, it would have made little sense for the CPL’s drafters to abandon the "full box” method in favor of the slower and more cumbersome juror-by-juror approach for purposes of the challenge part of the jury selection process. Certainly, it makes little sense for this Court, which is unanimous in its commitment to eradicating unnecessary inef *533 ficiencies in jury selection, to stretch the language of CPL 270.15 (2) in order to authorize a less efficient method for challenging jurors than its plain language and its sibling subdivision suggest.
In any event, even without regard to the underlying policy considerations, the controlling factor here — the language of the statute — leaves room for no other conclusion than that the trial courts in these two cases erred when they permitted the People to exercise peremptories with respect to prospective jurors remaining in the box after the defense had taken its turn. Because of this error, which adversely affected these defendants, I conclude that the orders of the courts below should be reversed.
Chief Judge Kaye and Judges Simons, Bellacosa and Smith concur with Judge Levine; Judge Titone dissents and votes to reverse in a separate opinion in which Judge Ciparick concurs.
In each case: Order affirmed.

 Significantly, this view of CPL 270.15 (2) is one that has been utilized by the panel that was recently commissioned to review jury practices in the State (The Jury Project, Report to the Chief Judge of State of New York, at 46 [1994]), as well as by the Committee on the Publications of the Association of Justices of the Supreme Court of the State of New York (Bench Book for Trial Judges — New York [1993] § 73-22; accord, Pitler, New York Criminal Practice Under the CPL, at 630 [1972]).